IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COQUICO, INC.,<br><br>          Plaintiff<br><br>          v.<br><br>ANGEL EDGARDO<br>RODRÍGUEZ-MIRANDA, et al.,<br><br>          Defendants | CIVIL NO. 07-1432 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Angel Rodríguez-Miranda's ("Rodríguez") motion to dismiss (**No. 131**) and Plaintiff Coquico, Inc.'s ("Coquico") opposition thereto (No. 134). Plaintiff Coquico filed the instant case pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1114, *et seq.* Defendant Rodríguez moves to dismiss the claims against him. Because a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) must be filed before filing an answer, the Court will interpret Defendant Rodríguez's motion as a motion for judgment on the pleadings pursuant to FRCP 12(c). For the reasons stated herein, Defendant's motion is hereby **DENIED**.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiff alleges it designed and manufactures "Coquí Común," a Puerto Rican Tree Frog plush toy (hereinafter referred to as "coquí"), among other souvenirs. Coquico states that its coquí is

CIVIL NO. 07-1432 (JP)            -2-

subject to copyright protection under the Copyright Act, and is registered with the United States Copyright and Trademark Office. Plaintiff further alleges that Defendants Rodríguez and Identiko, Inc. ("Identiko"), infringed Plaintiff's copyrights by manufacturing and distributing an unauthorized copy of Plaintiff's coquí, and selling the products to many of Plaintiff's clients.

The instant case has passed through a long series of procedural steps. The Court will not recite each of those steps here, but will briefly mention the basics for purposes of providing context. Plaintiff filed a motion for preliminary injunction, which the Court granted on October 15, 2007 (No. 47). Defendants filed an interlocutory appeal challenging the injunction, but following oral argument the United States Court of Appeals for the First Circuit issued an Opinion on April 6, 2009 affirming the preliminary injunction (No. 79). The Court then held an in chambers conference (No. 89) and a subsequent Initial Scheduling Conference (No. 119), at which a bench trial date was set for August 3, 2010. Defendant Rodríguez now requests dismissal of the claims against him, arguing that only Defendant Identiko may be held liable for any infringing activity.

## II.    **LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The

CIVIL NO. 07-1432 (JP)           -3-

standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 562). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendant Rodríguez requests dismissal of the claims against him, arguing that any infringement of Plaintiff's copyrights may only

CIVIL NO. 07-1432 (JP)          -4-

be attributed to Identiko, not to Rodríguez individually.  The Court will now consider Defendant Rodríguez's arguments.

### A. **Basis for Individual Liability**

Under Puerto Rico law, there is a presumption that a corporate entity is separate from its controlling entity. <u>Milan v. Centennial Communications Corp.</u>, 500 F. Supp. 2d 14, 26 (D.P.R. 2007) (internal citations omitted).  Therefore, absent an applicable exception permitting piercing the corporate veil, an individual officer or owner of a corporation will not be held liable for acts of the corporation.  <u>DeBreceni v. Traf Bros. Leasing, Inc.</u>, 828 F.2d 877, 879 (1st Cir. 1987).

On the basis of this rule of limited liability, Defendant Rodríguez argues that he may not be held individually liable for the actions of Defendant Identiko.  However, the allegations of Plaintiff's complaint are not limited to the actions of Defendant Identiko.  Instead, the complaint specifically alleges that Rodríguez himself infringed upon Plaintiff's copyrights.  For example, paragraph seventeen of the amended complaint (No. 3) alleges:

> Upon information and belief, Defendant AERM having full knowledge of the copyrights of plaintiff has infringed such copyrights by reproducing, manufacturing, and or distributing products which are copies of the products by plaintiff and/or by preparing derivative works based on the works by plaintiff.

(Am. Compl. ¶ 17.)  The amended complaint previously establishes that it refers to Defendant Rodríguez by his initials AERM.  Plaintiff's

CIVIL NO. 07-1432 (JP)           -5-

complaint thus directly alleges that Rodríguez himself, not Identiko alone, has infringed Plaintiff's copyrights.  As such, Plaintiff has properly alleged a cause of action against Rodríguez.  <u>Twombly</u>, 550 U.S. at 570.

### IV. <u>CONCLUSION</u>

In conclusion, the Court finds that Plaintiff has alleged claims against both Rodríguez and Identiko.  Therefore, the Court **DENIES** Defendant Rodríguez's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of July, 2010.

                                                      s/Jaime Pieras, Jr.
                                                        JAIME PIERAS, JR.
                                              U.S. SENIOR DISTRICT JUDGE